IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20593
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNELL SCHOOD BENNETT, also
known as Donnell Schrood Bennett,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. H-96-CR-193-3
_____

July 27, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

I

Donnell Schood Bennett was convicted after a jury trial of aiding and abetting bank robbery, conspiracy to use and carry a firearm during the commission of a crime of violence, and aiding and abetting using and carrying a firearm during the commission of a crime of violence.  He was sentenced to two terms of fifty-seven months' imprisonment on counts one and two, to be served

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concurrently, and a term of sixty months' imprisonment on count three, to be served consecutively, for a total of 117 months' imprisonment.  Bennett filed a timely notice of appeal from the judgment of conviction.

II

A

Bennett argues that the evidence was insufficient to support his convictions for aiding and abetting bank robbery, conspiring to use and carry a firearm during a crime of violence, and aiding and abetting using and carrying a firearm during a crime of violence. He contends that the testimony of his codefendant that he had a gun and was present when discussions were had concerning the bank robbery was not credible.  He further contends that there is no evidence that he used a firearm as defined by the Supreme Court in Bailey v. United States, 516 U.S. 137 (1996).  Finally, with regard to his conspiracy conviction, Bennett argues that there is no evidence of any agreement on his part to use and carry a firearm during a bank robbery.

B

Doctory Hampton, Bennett's codefendant, testified at trial that he, Marcus Campbell, an unidentified juvenile, and Bennett discussed robbing the Lone Star Bank at Campbell's home one week prior to the robbery.  Hampton testified that he was supposed to

2

neutralize the security guard, that Campbell was supposed to hold down the "lobby area," and that Bennett and the juvenile were supposed to then come inside and get the money. Hampton stated that all four of them were supposed to have firearms.

Hampton testified that the four men met at Campbell's house again on the day of the robbery and that Campbell gave each of them a gun. He stated that Campbell gave Bennett a "small revolver."

Hampton testified that they left a van in a nearby parking lot and traveled to the bank in a stolen Buick Regal. Hampton testified that Bennett had his firearm "in [his] pants" with his "shirt on the outside." He stated that he and Campbell entered the bank first and that Bennett and the juvenile were supposed to come in a "minute or two later."

Hampton testified that once he and Campbell entered the bank, they pulled their guns on the security guard; a struggle ensued and Campbell shot the guard. Campbell and Hampton ran out of the bank and got in the car. Hampton testified that Campbell asked Bennett and the juvenile why they did not come inside the bank and Bennett responded that "a lady in a red truck" was watching them. The four men returned to the van and drove it to the home of a friend of Campbell's, where Campbell collected the guns from Bennett and the juvenile.

3

Viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in favor of the verdict, the evidence is sufficient to support Bennett's convictions. The evidence shows that Bennett was present during a discussion concerning the planning of the bank robbery, that his role in the robbery was planned during this discussion, that he accompanied his three codefendants to the bank in a stolen car, that he was in possession of a firearm when he accompanied them to the bank, and that he stated to his codefendant that he did not enter the bank as planned because he was being watched by someone. Although Bennett argues that Hampton's testimony conflicted with other trial testimony, the jury apparently resolved any conflicting testimony in favor of the government. See Martinez, 975 F.2d at 161.

C

With regard to the firearm offenses, Bennett nevertheless contends that there is no evidence that he used a firearm as defined by the Supreme Court in Bailey. He further contends that there is no evidence of any agreement on his part to use and carry a firearm during a bank robbery.

Even if the evidence is insufficient to show active employment of a firearm by Bennett, his conviction for aiding and abetting using and carrying a firearm during the commission of a crime of

violence may nevertheless be upheld if he satisfied the carrying prong of § 924(c)(1).  See United States v. Rivas, 85 F.3d 193, 195 (5th Cir.), cert. denied, 117 S.Ct. 593 (1996).  Testimony demonstrated that Bennett was given a firearm by Campbell immediately before the robbery, that he carried the gun with him in his pants during the robbery, and that he was still in possession of the gun after the robbery.  Bennett's knowing possession of the firearm in the car during the bank robbery satisfies the carrying requirement of § 924(c).  See id. at 195-96.  Further, Bennett's acceptance of the firearm from Campbell and knowing possession of it during the robbery indicates that he voluntarily entered into an agreement to commit the crime.  See Fletcher, 121 F.3d at 196. Based upon the evidence, a reasonable trier of fact could have found Bennett guilty beyond a reasonable doubt.

IV

Bennett argues that the district court erred by sentencing him to a sixty-month consecutive sentence for the offense of using and carrying a firearm in relation to a crime of violence.  He contends that the evidence was insufficient to support his conviction under § 924(c).

As discussed above, however, the evidence was sufficient to support Bennett's conviction.  Further, § 924(c)(1) provides that the five-year sentence for violating that section shall not run

concurrently with any other term of imprisonment, including that imposed for the predicate crime of violence. This issue is therefore without merit.

V

For the reasons stated herein, the judgment of the district court is

A F F I R M E D.

6